# 95 DTA 76

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE ARECIBO Y UTUADO

EL PUEBLO DE PUERTO RICO
Apelado

v.

JOSE RUIZ SANTIAGO
Apelante

Núm. KLAN-95-0061

San Juan, Puerto Rico, a 11 de abril de 1995

Panel integrado por su presidente, Juez Arbona Lago
y los Jueces Giménez Muñoz y Salas Soler.

Giménez Muñoz, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El 20 de octubre de 1993, se radicó denuncia contra José Ruiz Santiago, en la que se le imputó violar el artículo 5-201 de la Ley de Vehículos y Tránsito de Puerto Rico, por hechos cometidos en esa misma fecha.

El 2 de marzo de 1994, se ventiló ante el Tribunal de Instancia, Subsección de Distrito, Sala de Lares (Hon. Roberto L. Martínez Pomales) el caso criminal T-93-511, encontrándose al acusado culpable del delito imputado e imponiéndosele el pago de una multa de $200 con costas o un día de cárcel por cada $5.00 que dejare de satisfacer.

El 9 de marzo de 1994, el acusado presentó un Escrito Formal de Apelación en el que hizo tres señalamientos de error, a saber:

*"1. Erró el Honorable Tribunal en no concederle amplia duda razonable y en no absorverlo, cuando muy bien pudo haberlo hecho, tanto por la forma de declarar de la supuesta perjudicada Blanca Arce Robles, como por el sitio específico donde ocurrieron los hechos.*

*2. Erró el Honorable Tribunal al convertirse el Honorable Juez en Fiscal, al hacer unas preguntas totalmente cargadas a favor del Ministerio Fiscal, tanto a la señora perjudicada como al testigo de la defensa, Capitán de la Policía, Miguel Muñiz Torres.*

*3. Erró el Honorable Juez en convertirse en Fiscal, al con sus preguntas tratar de probar el caso al Fiscal."*

El recurso de apelación no ha sido debidamente perfeccionado. Nunca se presentó la exposición narrativa de la prueba, según provee la Regla 6 de Apelación del Tribunal de Distrito al Superior, 4 L.P.R.A. Ap. III-A, a pesar de que ha transcurrido más de un año. Procede, por lo tanto, que desestimemos dicho recurso. Regla 42 del Reglamento del Tribunal de Circuito de Apelaciones.

Aún si aceptamos tomar como exposición narrativa de la prueba las parcas expresiones del Escrito Formal de Apelación, no se justificaría intervenir con el dictamen del Tribunal *a quo.*

En su primer señalamiento de error lo que en esencia impugna el apelante es la apreciación de la prueba que realizó Instancia al entender probado el delito imputado. Es norma ampliamente conocida, que en apelación no se intervendrá con las determinaciones que haga un Tribunal de Instancia en ausencia de error manifiesto, prejuicio, parcialidad o pasión, *Pueblo v. Pellot Pérez,* 121 D. P. R. 791 (1988), argumento que no ha levantado el apelante.

Los errores segundo y tercero se relacionan con la participación del juez de instancia en el interrogatorio de testigos. Al respecto, en *Pueblo v. Pabón,* 102 D.P.R. 436 (1974), el Tribunal Supremo puntualizó la participación del juez en el proceso al señalar:

*"El juez no es el simple árbitro de un torneo medieval entre la defensa y el Ministerio*

*Público, o el retraído moderador de un debate. El juez es partícipe y actor principal en el esclarecimiento de la verdad y en la determinación de lo que es justo. El juez puede y debe ser en casos vistos con o si jurado, aunque con mayor libertad en los segundos, participante activo en la búsqueda de la justicia, siempre que no vulnere la imparcialidad que su alto oficio reclama. Puede el juzgador en consecuencia requerir la declaración de determinados testigos o interrogar a los que las partes ofrezcan, siempre que su conducta se mantenga dentro de las normas de sobriedad y equilibrio que impiden que el juez sustituya, en vez de que complemente, la labor del fiscal o del defensor. Nada impide que un juez, para aclarar un testimonio o una situación, o consciente de que no han formulado algunas preguntas centrales para la determinación de lo sucedido verdaderamente en un caso, se tome la iniciativa a dicho efecto".* A la página 440.

El apelante no ha puesto a esta Curia en condición de aquilatar sus señalamientos de que el juez de instancia actuó indebidamente. No se indica un sólo hecho que nos permita determinar que la participación del juez fue parcializada o *"cargada"* hacia el Ministerio Fiscal. Por ende, no podemos intervenir con la sentencia dictada.

Las partes no pueden esperar que un Juez de Primera Instancia, so pretexto de ser imparcial, esté como un simple espectador del proceso esperando sólo los escritos y el desarrollo del asunto, sin que busque la verdad. Debemos recordar, además, que los jueces, como todo ser humano, debemos hacer un examen de conciencia para vivir en paz con nosotros mismos.

En consideración a lo precedentemente expresado, se desestima el recurso de apelación instado y se confirma la sentencia que declaró culpable al acusado en el presente caso.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General